Filed 2/28/24  P. v. Bills CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WALLACE ARTHUR BILLS,<br><br>    Defendant and Appellant. | B325047<br><br>(Los Angeles County<br>Super. Ct. No. A790003) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Wallace Bills appeals from the trial court's summary denial of his second petition for resentencing under Penal Code section 1172.6.[1] We affirm. By returning a true finding on the pre-1990 felony-murder special circumstance allegation, the jury necessarily found that appellant was either the actual killer or aided and abetted the actual killer with the intent to kill. He is therefore ineligible for relief under section 1172.6 as a matter of law.

## BACKRGOUND

### I. Conviction

Appellant and a codefendant were charged with the murder (§ 187, subd. (a)), residential burglary (§ 459), and robbery (§ 211) of victim Irene Katherine Davis. The amended information further alleged a felony-murder special circumstance (§ 190.2, subd. (a)(17)),[2] that both appellant and codefendant personally used a knife in the commission of all three offenses (§ 12022, subd. (b)), and that both appellant and codefendant personally used a knife to inflict great bodily injury on Davis during the robbery and burglary. (§ 12022.7.)

Appellant and codefendant were tried jointly. The jury was instructed on February 14, 1989. The instructions informed the jury that to find the special circumstance allegation true, it had to find beyond a reasonable doubt that appellant "intended to kill or intended to aid in the killing of the victim." The jury found appellant guilty as charged and found the special circumstance allegation true. Appellant was sentenced to life without the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The felony-murder special circumstance allegation identified both the robbery and burglary as underlying felonies.

possibility of parole on June 2, 1989.[3]  A different panel of this court affirmed his conviction in a partially published opinion filed September 27, 1995.  (*People v. Bills* (1995) 38 Cal.App.4th 953 (*Bills I*).)

## II.    First Petition for Resentencing

On March 4, 2019, appellant filed a petition for resentencing under former section 1170.95.[4]  The trial court appointed counsel for appellant and received briefing before denying the petition on the ground that appellant was ineligible for relief as the actual killer.  Notably, the court relied on facts recited in *Bills I* to reach its conclusion.

Appellant timely appealed the ruling.  His appointed appellate counsel filed a brief raising no issues and requesting independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Appellant did not file a supplemental brief after being timely advised of his right to do so.  A different panel of this court concluded that *Wende* procedures were inapplicable to appeals from denials of resentencing under section 1172.6.  (*People v. Bills* (Aug. 25, 2020, No. B301800) [nonpub. opn.] (*Bills II*).)  *Bills II* therefore dismissed the appeal as abandoned, since neither counsel nor appellant raised any issues.  The Supreme Court later approved this approach in *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.

---

[3]    We previously granted respondent's request for judicial notice of the minute order documenting appellant's sentencing.

[4]    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

### III.  Second Petition for Resentencing

On June 2, 2022, appellant filed a second petition for resentencing under section 1172.6, the petition currently at issue. He requested appointment of counsel.

On July 8, 2022, the trial court denied the petition in a written ruling, without appointing counsel.  In its ruling, the trial court summarized its previous ruling: "In summarily denying the original conviction [*sic*], this court acknowledged that felony murder jury instructions were given.  However, it found from a review of the information filed by the Petitioner, a summary of the facts provided by the People and confirmed by the original Court of Appeal Opinion upholding the conviction and other documents available to the court, that the Petitioner did not qualify for relief under this law. Penal Code § 189(e) as amended did *not* change the law as to those individuals who are the actual killer.  Therefore, the court denied the petition."

The trial court then turned to the instant petition, which it observed used "the current form revised subsequent to the amendments made to Penal Code section 1170.95 effective January 1, 2022."  The court concluded there was "nothing in the amended code section which allows an individual who has previously filed a 1170.95 petition and had that request denied, to again seek relief."  It noted that appellant's previous petition had been "ruled on, appealed and the appeal dismissed."  It continued, "There is nothing in the new law which provides a Petitioner with a second opportunity to be heard or as we say, 'a second bite at the apple.' The facts have not changed, the Petitioner was the *actual killer* and, therefore, ineligible for resentencing.  There is nothing to be gained by either the Petitioner or the court by fruitlessly going through this exchange

4

again under these circumstances." The court accordingly denied the petition.

Appellant timely appealed. Appellant's appointed counsel filed a request to settle the record by directing the trial court "to state what documents she reviewed in support of her ruling" and augment the record with those documents. After we granted the request, the trial court filed a statement indicating that, to the best of its recollection, it reviewed the following documents in making its ruling: "1. The petitions filed by the Petitioner dated 4/4/19 [*sic*] and 6/22/22. 2. Minute orders dated 2/9/89 and 2/14/89. . . . 3. 5 pages of the register of action listing dates from 11/16/86-1/16/96. . . . 4. The original information. 5. The amended information. 6. The response by the People filed 9/19/2019 and the exhibits attached thereto including the original appellate court opinion . . . . 7. The appellate court opinion listed in #6 above."

## DISCUSSION

Appellant contends his second petition is not successive because it "rests on an intervening change in the law, which now limits the use of prior appellate opinions to the procedural history of the case, not the factual summary." He further argues that he should have received an evidentiary hearing because the petition is facially sufficient and nothing in the record conclusively refutes its allegations. Respondent Attorney General responds that the petition should be procedurally barred as successive. Respondent also argues that the petition fails on the merits because the jury's true finding on the special circumstance allegation establishes that appellant was either the actual killer or an aider and abettor who acted with the intent to kill. We need not decide whether the petition was successive, because we agree with respondent's

5

latter contention: the jury's pre-1990 finding on the special circumstances allegation renders appellant ineligible for relief as a matter of law.

## I.    Legal Principles

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1.)  Senate Bill No. 775 modified the law, now codified at section 1172.6, to "expand the authorization to allow a person who was convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime . . . to apply to have their sentence vacated and be resentenced."  (Stats. 2021, ch. 551, § 1.)

If a petitioner seeking relief under section 1172.6 makes a prima facie showing that he or she is entitled to relief, the trial court is required to issue an order to show cause for an evidentiary hearing.  (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891, citing § 1172.6, subd. (c).)  In assessing eligibility at the prima facie stage, the court ""'"takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."'"  (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).  If the petition is facially sufficient and the petitioner has requested counsel, the court must appoint counsel for him or her, obtain briefing, and determine if the petitioner has made a prima facie case for relief.  (*Id.* at p. 963;

6

§ 1172.6, subds. (b)(3), (c).)  "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1172.6, subd. (c).)  The court may not engage in factfinding involving the weighing of evidence or exercise of discretion at this stage, though it may make credibility determinations adverse to the petitioner if the record contains facts refuting the allegations of the petition.  The court properly denies the petition if the petitioner is ineligible for relief as a matter of law.  (See *id.* at pp. 970–972.)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  If the record of conviction conclusively shows that the petitioner is ineligible notwithstanding the trial court's failure to appoint counsel or issue an order to show cause, the error is harmless because the petitioner cannot show a reasonable probability that the result would have been different absent the error.  (See *Lewis*, *supra*, 11 Cal.5th at p. 974 [applying harmless error test from *People v. Watson* (1956) 46 Cal.2d 818, 836].)  We may affirm a ruling that is legally correct on any ground.  (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

II.    **Analysis**

The Supreme Court has held that a specific jury finding that a defendant had the intent to kill "is generally preclusive in section 1172.6 proceedings, i.e., it 'ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill [No.] 1437 and thus preclude[s] the defendant from making a prima facie case for relief.'"  (*People v. Curiel* (2023) 15 Cal.5th 433,

7

453–454 (*Curiel*), quoting *People v. Strong* (2022) 13 Cal.5th 698, 710 (*Strong*).)  Indeed, the Supreme Court observed that "it is difficult to foresee a situation in which a relevant jury finding, embodied in a final criminal judgment, would not meet the traditional elements of issue preclusion." (*Id.* at p. 454.)

The jury made such a finding here.  The jury found true the special circumstance allegation that the murder was committed during the course of the robbery and/or burglary of Davis.  At the time of appellant's trial in 1989,[5] this finding came with the requirement that "when the defendant is an aider and abettor rather than the actual killer, intent must be proved." (*People v. Anderson* (1987) 43 Cal.3d 1104, 1147.)  Thus, to find the allegation true, the jury either had to find that appellant was the actual killer or that he aided and abetted the codefendant with the intent to kill.  Under either scenario, appellant is ineligible for relief under section 1172.6.  (See § 189, subds. (e)(1), (e)(2); *Strong*, *supra*, 13 Cal.5th at p. 708 ["Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' [citation] and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree.'"].)

The record of conviction—namely, a discussion of the case's procedural history in *Bills I*—establishes that appellant's jury received an instruction that precludes relief here.  (See § 1172.6,

---

[5]     Proposition 115, enacted by voters in 1990, amended section 190.2 to apply the felony-murder rule to an aider and abettor who was not the actual killer "with no required finding that [the] defendant had an intent to kill." (*People v. Hoyos* (2007) 41 Cal.4th 872, 890, abrogated on other grounds by *People v. McKinnon* (2011) 52 Cal.4th 610; see also *Strong*, *supra*,  13 Cal.5th at pp. 704-705.)

8

subd. (d)(3) ["The court may also consider the procedural history of the case recited in any prior appellate opinion."].) Specifically, "[t]he trial court instructed the jury that in order to find special circumstances against either defendant as an aider and abettor of the underlying burglary or robbery, the jury must find beyond a reasonable doubt 'that he intended to kill or intended to aid in the killing' of the victim." Appellant and his codefendant both argued on direct appeal that the instructions as given to the jury were "confusing or misleading and failed to convey to the jury the requirements of *Carlos v. Superior Court* (1983) 35 Cal.3d 131 and *People v. Anderson*[, *supra,*] 43 Cal.3d [at p.] 1147, that intent to kill must be found." *Bills I* rejected this argument, holding that no reasonable jury would interpret the instruction to "find special circumstances without determining intent to kill, upon merely finding that the defendant intended to aid and abet the underlying burglary or robbery."

We presume the jury understood and followed the instructions given. (*People v. Sanchez* (2001) 26 Cal.4th 834, 852 ["Jurors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions"].) Thus, even if appellant was not the actual killer, by finding the special circumstance true, the jury necessarily found that he acted with the intent to kill. This jury finding on the issue of appellant's intent has preclusive effect and bars relief under section 1172.6 in this case, notwithstanding the facially sufficient nature of appellant's petition or any error in the trial court's reasoning.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.


ZUKIN, J.